UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JON HAMILTON, et al.,<br>    Plaintiff, | |
| v. | No. 5:15-CV-965-JKP |
| ENERSAFE, INC. f/k/a ENERSAFE LLC,<br>et al.,<br>    Defendants | |
| **ALFREDO WISE, et al.,**<br>    **Plaintiff,** | |
| v. | No. 5:15-CV-973-JKP ✓ |
| **ENERSAFE, INC., OAKS GROUP,**<br>**GRYPHON OIL FIELD SERVICES,**<br>    **Defendants** | |
| BRANDON CHAUMONT, et al.,<br>    Plaintiff, | |
| v. | No. 5:15-CV-1003-JKP |
| OAKS PERSONNEL SERVICES, INC.,<br>A/K/A OAKS GROUP; AND CIELO<br>ENERGY CONSULTING, LLC,<br>    Defendants | |
| DAVID M. JENSEN, et al.,<br>    Plaintiff, | |
| v. | No. 5:17-CV-0114-JKP |
| EOG RESOURCES, INC. (f/k/a ENRON<br>OIL AND GAS COMPANY), et al.,<br>    Defendants | |

## **ORDER**

This matter is before the Court on the *Joint Motion to Approve Settlement and Dismissal of the Wise Lawsuit* 5:15-cv-973 (ECF No. 261) filed by Plaintiffs Alfredo Wise, Micah

Cannady, Ronnie Armstrong, Jr., Drake Gafford, Gerald Anderson, and D.J. Helpenstill, on behalf of themselves and all opt-in Plaintiffs in the *Wise* Case and Defendant Gryphon Oil Field Services a/k/a Gryphon Holdco, LLC. By their motion, the Parties inform the Court that they desire to compromise and settle the *Wise* lawsuit and ask the Court to approve their confidential settlement agreement. The Parties submit for the Court's review a sealed copy of their Settlement Agreement. For the reasons that follow, the Court grants the Parties' motion.

## I. BACKGROUND

This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and consists of four consolidated cases—(1) *Hamilton v. EnerSafe, Inc. et al.*, No. 5:15-cv-00965-JKP (the "Hamilton" lawsuit); (2) *Wise v. EOG Resources, Inc. et al.*, No. 5-15-cv-00973-JKP (the "Wise" lawsuit); (3) *Chaumont v. EOG Resources, Inc. et al.*, No. 5-15-cv-01003-JKP (the "Chaumont" lawsuit); and (4) *Jensen v. EOG Resources, Inc.*, No. 5:17-cv-00114-JKP (the "Jensen" lawsuit). The four cases were filed as collective actions. Plaintiffs are individuals who performed oil services work in South Texas.

Plaintiffs in the *Wise* case allege that EnerSafe, Inc., TCSafety, TCSafety, Inc., and/or EnerSafe, LLC (collectively "EnerSafe") misclassified certain individuals as independent contractors and improperly paid them on a day rate basis with no overtime compensation in violation of the FLSA. The Parties actively litigated the lawsuit over the past four years. The Parties conducted written and deposition discovery. Plaintiffs extensively briefed the issue of conditional certification and other motions. Additionally, the Parties attended mediation in an attempt to resolve the claims.

## II. ANALYSIS

**A. FLSA Provisions**

The FLSA was enacted to protect all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). The FLSA permits suit by "one or more employees for and in behalf of himself or themselves and other employees similarly situated" to recover unpaid minimum wages, overtime compensation, and liquidated damages from employers who violate the statute's provisions. 29 U.S.C. § 216(b). The provisions of the FLSA are mandatory.

The Eleventh Circuit has held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" payment supervised by the Secretary of Labor and judicial approval of a stipulated settlement after an employee has brought a private action. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The court reasoned that these methods ensure that the same unequal bargaining power between employers and employees that underlies the Act does not unfairly affect a private settlement of claims for wages. Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

Not every FLSA settlement requires court approval, however, as "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of

3

hours worked or compensation due." *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting and adopting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)); *see also Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163-64 (5th Cir. 2015). Because the parties here have requested court approval of their settlement, the Court will analyze the settlement.

**B. Bona Fide Dispute**

The primary issues in this litigation are whether Plaintiffs were misclassified and are owed overtime compensation. Defendant denies all liability. The FLSA requires employers to pay overtime compensation to employees who work more than forty hours in a workweek. 29 U.S.C. § 207(a)(1). The decision of whether an employee is exempt from the FLSA's overtime compensation provisions is primarily a question of fact; however, the ultimate decision is a question of law. *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330-31 (5th Cir. 2000). The Court concludes that there is a bona fide dispute over the FLSA's coverage in this case.

**C. Fair and Reasonable Resolution**

The settlement agreement was negotiated by able attorneys and reflects an arms-length compromise of the disputed claims and both provides relief to Plaintiffs and eliminates the risks all parties would bear if litigation continued. *See Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008) (explaining that in evaluating parties' FLSA settlement "the Court must keep in mind the 'strong presumption' in favor of finding a settlement fair").

The Parties' agreement that Plaintiffs' counsel is entitled to a total of 40% of the gross settlement amount for fees and costs is also reasonable. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (acknowledging that contingency fees for class funds have ranged from

35% to 40%); *see also Matthews v. Priority Energy Servs., LLC*, No. 6:15-CV-448, 2018 WL 1939327, at *2 (E.D. Tex. Apr. 20, 2018), *report and recommendation adopted*, 2018 WL 2193030 (E.D. Tex. May 11, 2018) (approving 40% contingency fee in FLSA collective class action that required nearly three years of litigation).

In summary, the Court agrees with the Parties that their settlement agreement is a reasonable compromise of the claims alleged by Plaintiffs in light of the procedural posture of these cases, the risks of further litigation, and the costs applicable to both sides.

### III. CONCLUSION

The Court finds that the settlement agreement is a fair and reasonable settlement of a bona fide dispute. The Joint Motion to Approve Settlement and Dismissal of the *Wise* Lawsuit (ECF No. 261) is GRANTED, the settlement is APPROVED, and Plaintiffs' claims are DISMISSED WITH PREJUDICE. This case is CLOSED, with each party bearing its own costs and fees except as stated in the Settlement Agreement. The Court retains jurisdiction to enforce the Settlement Agreement.

It is so ORDERED.

SIGNED this 7th day of February 2020.

*/s/ Jason Pulliam*
JASON PULLIAM
UNITED STATES DISTRICT JUDGE